**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:  Joshua S Rydin

|  |  |  |
|---|---|---|
| | ) | 16 B 34900 |
| | ) | |
| Debtor(s) | ) | **Judge Janet S. Baer** |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

Joshua S Rydin                        Suburban Legal Group PC
3513 English Prairie Rd              1305 Remington Rd #C
Elgin  IL  60124                     Schaumburg  IL  60173

Please take notice that on January 4, 2019 at 9:30 a.m., a representative of this office shall appear before the Honorable Judge Janet S. Baer or any other Bankruptcy Judge who may preside in her place and stead, at Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL and present this motion.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

I certify that this office caused a copy of this notice to be delivered to the above listed debtor(s) by depositing it in the U.S. Mail and to debtor's attorney electronically via the court's CM/ECF System on December 14, 2018.

/s/ Glenn Stearns
Glenn Stearns, Trustee

---

## MOTION TO MODIFY PLAN

Now Comes Glenn Stearns, Chapter 13 Trustee, requesting modification of the above

debtor's plan pursuant to 11 U.S.C. § 1329 and in support thereof, states the following:

1. On November 1, 2016 the debtor filed a petition under Chapter 7.

2. On December 16, 2016 the debtor's case was converted to Chapter 13.

3. Debtor's income is above the applicable median family income so pursuant to §1325(b)(4) debtor's applicable commitment period is five years and §1325(b)(3) applies for calculation of disposable income.

4. The Debtor has completed all sections of Form 122C-2 (Doc 18) and reports monthly disposable income of $2,152 on Line 45. Debtor is therefore required to pay up to $129,120 (60 x $2,152) to his general unsecured creditors, or if a lesser amount of claims are filed, to pay them in full.

5. The debtor's modified plan filed March 5, 2017 (Doc 34) was confirmed on March 10, 2017.

6. The confirmed plan provides for payments of $490 for 60 months for total payments, during the 60 month plan term, of $29,400, with all creditors projected to be paid in full.

7. The plan was confirmed with substantial excess disposable income because at that time it appeared that all unsecured creditors were being paid in full.

8. Filed claims exceed the scheduled amounts.

9. Credit Acceptance Corporation's $10,290.89 unsecured deficiency claim was not accounted for in debtor's scheduled unsecured debts, their claim was amended from secured to an unsecured deficiency claim after confirmation of the debtor's plan.

10. The debtor's plan no longer pays unsecured debts in full as required by §1325(b) and the debtor's confirmed plan.

11. If the debtor's plan payment is increased to $800 per month all unsecured creditors will be paid in full.

WHEREFORE, the Trustee prays that the debtor's plan be modified to provide that the plan payment is increased to $800 monthly for the remaining term of the plan, and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/s/ Glenn Stearns
By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888